

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIANA DIETRICH-BARNES,

    Plaintiff,

v.

TERENCE ALEXANDER and
THE CITY OF ATLANTA, GEORGIA,

    Defendants.

CIVIL ACTION FILE

NUMBER 1:05-CV-1751-TCB

## ORDER

This action is before the Court on Defendant Alexander's May 1, 2006, motion for reconsideration [11] of the Court's April 17, 2006 Order [10] granting the City of Atlanta's motion to set aside the Clerk's entry of default on Alexander's cross-claim against the City. The action is also before the Court on Defendant Alexander's May 1 "Motion to Show Cause" [12].

On page 2 of the brief in support of his motion for reconsideration, Alexander cites Fed. R. Civ. P. 4(j)(2) for the proposition that "Service upon the City of Atlanta by delivering a copy of the Summons and of the complaint to its chief executive officer, Mayor Shirley Franklin was appropriate." This is a correct but inapplicable statement of the law, as the record does not show that the City was ever served with both a pleading (whether Plaintiff's or Defendant Alexander's) and a summons. Fed. R. Civ. P. 4(c)(1)

requires that a party against whom a claim is made be served with a copy of the pleading asserting the claim, and a summons. The failure of both Plaintiff and Defendant Alexander to serve the City with a summons compels a finding that the Court never obtained jurisdiction over the City. Therefore, the Court properly granted the motion to set aside the Clerk's entry of default against the City. Accordingly, Defendant Alexander's motion for reconsideration is hereby denied.

In its April 17 Order the Court directed Defendant Alexander to show cause in writing why his cross-claim should not be dismissed for failure to effect timely service upon the City. The primary basis of the Court's Order was the Court's lack of jurisdiction over the City because neither Plaintiff nor Defendant Alexander ever served the City with a summons. As the Court stated on page 5 of its Order:

> The Court might have acquired jurisdiction over the City if Alexander had properly effected service of his pleading upon the City. However, Alexander failed to cause a summons to issue by the Clerk and be served upon the City. The failure to serve the City with a summons deprives the Court of jurisdiction. Fed. R. Civ. P. 4(c)(1).

On page 1 of the brief in support of his motion to show cause, Alexander states, "The City of Atlanta, a municipal corporation, was delivered a copy of Terence Alexander's Answer, Counterclaim, Cross-Claim, and Summons by hand delivery by leaving a copy with the secretary of Mayor Shirley Franklin." On page 2 of his brief Alexander repeats this assertion: "Terrence Alexander delivered the Summons, Answer,

Counterclaim and Cross-claim to the City of Atlanta's chief executive officer, Mayor Franklin."

The record, however, belies these assertions. Attached to Alexander's motion to show cause is the affidavit[1] of Cheryl Shepherd, a paralegal employed by counsel for Defendant Alexander. In paragraph 4 of her affidavit, Ms. Shepherd avers that when she filed Defendant Alexander's pleading on August 16, 2005, she "had Summons for Mayor Shirley Franklin" and came prepared to pay the Clerk the costs of service, but that she "was told by the Clerk at District Court that the City of Atlanta . . . did not require Marshall's [sic] Service and that service may be perfected by mail."

The Clerk of this Court cannot and does not give legal advice. Moreover, irrespective of what the Clerk may or may not have told Ms. Shepherd, the law is the same: in order for this Court to have obtained jurisdiction over the City, it was necessary that the City be served with a summons. The record reflects that the City has never been served with a summons in this case.

In the brief in support of his motion to show cause, Defendant Alexander asserts that the Court should not "rigidly" adhere to the Federal Rules of Civil Procedure requiring service of process. The Court, however, concludes that there is nothing rigid about requiring a party making a claim (whether a plaintiff, cross-claimant, or any other party) to comply with Fed. R. Civ. P. 4(c)(1)'s simple requirement that the party against

---

[1] The Court notes that Ms. Shepherd's "affidavit" is not notarized.

whom the claim is made be served with a copy of the pleading and a summons. This is not a case in which the party to be served evaded service or for some other reason was difficult to serve. To the contrary, Defendant Alexander has indicated that he perfected service of his pleading upon the City; he simply failed to include the required summons.

Finally, Defendant Alexander argues that the 120-day period to serve was tolled by the entry of default against the City. Other courts have held that the 120-day time limit for service is tolled from the date of filing of a motion contesting service until the date of the court's ruling on the motion. See, e.g., West v. Terry Bicycles, Inc., No. 99-1498, 2000 WL 152805, at *3 (Fed. Cir. 2000); Bruley v. Lincoln Prop. Co., 140 F.R.D. 452, 455 (D. Colo. 1991); Brown v. Fla. Keys Aqueduct Auth., 614 F. Supp. 87, 92 (S.D. Ohio 1985). In this case, the City filed a motion contesting service (i.e., its motion to set aside default) on October 20, 2005, just sixty-six days after Defendant Alexander filed his cross-claim on August 15, 2005. The Court concludes that the 120-day time period was tolled from that date (October 20, 2005) until April 17, 2006, the date of the Court's Order granting the City's motion. Therefore, Defendant Alexander has fifty-four days from April 17, or until June 10, 2006, to effect service of process on the City.[2]

For the foregoing reasons, the Court DENIES Defendant Alexander's motion for reconsideration [11] and GRANTS Defendant Alexander's motion to show cause [12].

---

[2] Because June 10 is a Saturday, Defendant Alexander actually has until Monday, June 12, to effect service. Fed.R.Civ.P. 6(a).

4

Defendant Alexander shall have until June 12, 2006, to effect service of his cross-claim on the City.

IT IS SO ORDERED this 3rd day of May, 2006.

_____
Timothy C. Batten, Sr.
United States District Judge